UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MUHAMMAD ZAHID CHAUDHRY,<br><br>               Petitioner,<br>    v.<br><br>PAMELA BONDI,<br><br>               Respondent. | CASE NO. 2:25-cv-02339-DGE-MLP<br><br>ORDER ON PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER (DKT. NO. 2) |

      The Court is in receipt of Petitioner's petition for writ of habeas corpus (Dkt. No. 1) and motion for a temporary restraining order ("TRO") (Dkt. No. 2). Petitioner initially filed the petition in the Ninth Circuit. Respondent through Counsel, Alanna T. Duong, appeared in the Ninth Circuit. (Dkt. No. 3.) In the Ninth Circuit, Respondent argued the petition was not properly before the Ninth Circuit and that Petitioner's "detention challenges should be brought in federal district court through a petition for writ of habeas corpus under 28 U.S.C. § 2241." (*Id.* at 2.) The Ninth Circuit construed Petitioner's filing as a petition for habeas corpus under 28 U.S.C. § 2231, and transferred the matter to this Court. (Dkt. No. 1-1.)

Respondent, having appeared in the Ninth Circuit on this matter and having been provided a copy of the Ninth Circuit's order transferring the matter to this Court, is aware of the petition is now before this Court.

Accordingly, the Court ORDERS:

1. The Clerk SHALL send a copy of this Order to Respondent at the email address identified in the Ninth Circuit briefing: alanna.duong@usdoj.gov and to usawaw.Habeas@usdoj.gov.

2. The Respondent SHALL attempt to meet and confer with Petitioner on a briefing schedule for the motion for TRO.  If the Parties can agree on a briefing schedule, they SHALL file a stipulated proposed briefing schedule with the Court, along with any other stipulations the Parties may agree on for the pendency of this case.  If the Parties cannot reach agreement on a briefing schedule, then Respondent SHALL respond to the motion for TRO on the schedule set by Local Civil Rule 65 once service is accomplished. Because Petitioner is detained and only receiving correspondence by regular mail, Petitioner may file a reply brief as soon as possible after receiving the Respondent's response.[1]

3. The Court will inform the Parties whether it believes a hearing is necessary.

Dated this 21st day of November, 2025.

---

[1] Under Local Civil Rule 65(b)(5), a reply brief normally is not permitted.  The Court, however, is allowing Petitioner to file a reply brief subject only to his ability to file it in a timely fashion. In the event the Parties do not agree to a briefing schedule, it may be that a decision is issued before Plaintiff is able to file a reply brief.

David G. Estudillo
United States District Judge

ORDER ON PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER (DKT. NO. 2) - 3