UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MUHAMMAD ZAHID CHAUDHRY,<br><br>　　　　　Petitioner,<br>　v.<br><br>PAMELA BONDI,<br><br>　　　　　Respondent. | CASE NO. 2:25-cv-02339-DGE-MLP<br><br>ORDER ON RESPONDENT'S MOTION FOR EXTENSION OF TIME (DKT. NO. 15) |

The Court previously ordered Petitioner to show cause why prior respondent Pamela Bondi was the proper respondent or, in the alternative, granted leave for Petitioner to file an amended complaint. (Dkt. No. 11.) On November 26, 2025, Petitioner filed an amended complaint (Dkt. No. 13) and a second motion for TRO (Dkt. No. 14.)

The amended petition now names Bruce Scott, Warden of the Northwest ICE Processing Center ("NWIPC") as the sole respondent. (Dkt. No. 13 at 1–2.). Petitioner identifies the amended petition and motion were served by mail on Alanna T. Duong, counsel for the previous

respondent, Attorney General Pamela Bondi, on November 24, 2025. (*Id*. at 13.)[1] He further identifies Respondent Bruce Scott was hand-delivered copies of these documents to "authorized detention-facility staff at the NWIPC front desk for immediate transmittal to the Warden." (*Id*. at 12–13.)

This evening, counsel for Attorney General Pam Bondi filed a motion for an extension of time to respond to the new motion for temporary restraining order, citing the timing of the filing of the motion and the impact of the Thanksgiving Holiday on counsel's ability to file a formal response. (Dkt. No. 15.)

It is unclear whether counsel for Attorney General Pam Bondi will be representing Respondent Bruce Scott or whether some other attorney will appear on behalf of Bruce Scott. It is further unclear whether service on Respondent Bruce Scott was proper. The Parties will need to clarify these issues in their response and reply.

Accordingly, the Court finds and ORDERS:

1. Petitioner's initial motion for TRO (Dkt. No. 2) is DENIED as moot. Petitioner's amended complaint (Dkt. No. 13), while it incorporates Petitioner's initial complaint, is the only operative petition in this matter.
2. The Court GRANTS Attorney General Pam Bondi's motion for an extension of time (Dkt. No. 15) based on the circumstances presented and the inability to provide a formal response sooner than December 3, 2025.
3. Petitioner and Respondent shall attempt to meet and confer to discuss whether a different briefing schedule for the motion for TRO can be agreed to. If the Parties can agree on a

---

[1] This appears to be a scrivener's error as the Petition acknowledges this Court's November 25, 2025 Order. (*Id*. at 1.)

briefing schedule, they SHALL file a stipulated proposed briefing schedule with the Court, along with any other stipulations the Parties may agree on for the pendency of the case.

4. If the Parties cannot reach agreement on a briefing schedule, then Respondent shall respond to Petitioner's second motion for TRO no later than **December 3, 2025**.

5. Because Petitioner is detained and only receiving correspondence by regular mail, Petitioner may file a reply brief as soon as possible after receiving the Respondent's response.[2]

6. Counsel for Attorney General Pam Bondi is directed to transmit a copy of this Order to the Warden of NWIPC for the Warden to review and so that the Warden can provide a copy of it to Petitioner in a timely fashion.  Respondent shall file confirmation that a copy of this Order was transmitted to the Warden with directions to provide a copy of it to Petitioner.

7. In the event counsel for Attorney General Pam Bondi makes any other filings with the Court in this case, Respondent SHALL transmit a copy of the filing to the Warden of NWIPC so that the Warden can review, as well as provide a copy of it to Petitioner in a timely fashion.  Respondent shall confirm a copy of such filing(s) are transmitted to the Warden with directions to provide a copy of it to Petitioner.

8. The Court will inform the Parties whether it believes a hearing is necessary.

The Clerk is directed to calendar the response filing date.

---

[2] Under Local Civil Rule 65(b)(5), a reply brief normally is not permitted.  The Court, however, is allowing Petitioner to file a reply brief subject only to his ability to file it in a timely fashion.  In the event the Parties do not agree on a briefing schedule, it may be that a decision is issued before Petitioner is able to file a reply brief.

1 | Dated this 26th day of November, 2025.

David G. Estudillo
United States District Judge

ORDER ON RESPONDENT'S MOTION FOR EXTENSION OF TIME (DKT. NO. 15) - 4