UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MUHAMMAD ZAHID CHAUDHRY,<br><br>                    Petitioner,<br>     v.<br><br>PAMELA BONDI,<br><br>                    Respondent. | CASE NO. 2:25-cv-02339-DGE-MLP<br><br>ORDER ON PETITIONER'S MOTION FOR LEAVE TO AMEND (DKT. NO. 22) |

This matter comes before the Court on Petitioner's motion to amend his petition (Dkt. No. 22). This matter arises out of an increasingly lengthy procedural history. Petitioner has previously appealed several decisions from the Board of Immigration Appeals to the Ninth Circuit and, as part of his litigation efforts in the Ninth Circuit, filed a motion for his immediate release. The Ninth Circuit construed Petitioner's filing as a petition for habeas corpus under 28 U.S.C. § 2241 and, on November 20, 2025, transferred the matter to this Court. (Dkt. No. 1-1.) This filing became Petitioner's first petition and contained an emergency motion for release. (Dkt. Nos. 1, 2.)

1       The initial petition listed only Attorney General Pamela Bondi as a respondent. (Dkt. No. 1.) On November 25, 2025, the Court noted Petitioner was required to name his custodian as a respondent and granted Petitioner leave to amend his petition. (Dkt. No. 11.) On November 26, 2025, Petitioner filed an amended petition naming Bruce Scott as the sole respondent and also filed a second motion for TRO based on the amended petition. (Dkt. Nos. 14, 19.) Petitioner also sought to incorporate by reference the original petition and all attachments. (Dkt. No. 19 at 2.) Respondent requested, and this Court granted, an extension of time to respond to the second motion for TRO until December 3, 2025. (Dkt. No. 16.)

      On December 1, 2025, before Respondents could respond to Petitioner's amended petition, Petitioner moved to amend his petition. (Dkt. No. 22.) Petitioner filed, among other things, a 44-page proposed second amended petition, 188 pages of proposed exhibits, and a 14-page third motion for TRO. (Dkt. No. 20.) Petitioner also sought to incorporate by reference all his prior filings. (*Id*. at 39.) The proposed second amended petition's attempts to incorporate by reference prior petitions is confusing, making it difficult for the Court (and presumably the opposing parties) to follow the operative facts and arguments Petitioner seeks to advance.

      Accordingly, the Court finds and ORDERS that:

1. Petitioner's motion for leave to amend his petition (Dkt. No. 22) is GRANTED. Petitioner may file a second amended petition. The second amended petition will become the only operative petition in this matter.

2. Petitioner **may not** incorporate by reference prior petitions into his second amended petition. If Petitioner wants the Court to consider any of the content or exhibits presented in either of his first two petitions, Petitioner must include them in his second amended complaint. Petitioner shall not

simply attach a copy of the first two petitions to the second amended petition. Rather, Petitioner must include in the body of the second amended petition all facts or arguments Petitioner wishes to include in the new petition and may attach as exhibits any declarations or other documents supporting the facts asserted in the body of his petition. Petitioner's proposed filings (Dkt. No. 20) are STRICKEN to allow Petitioner an opportunity to make any amendments he believes are necessary. Petitioner shall file the second amended petition as soon as he is able.

3. Petitioner's second motion for TRO (Dkt. No. 14) is DENIED as moot. All pending deadlines related to this motion are STRICKEN. Petitioner may file a new motion for TRO along with his second amended petition.

4. Counsel for Attorney General Pam Bondi is directed to transmit a copy of this Order to the Warden of NWIPC for the Warden to review and so that the Warden can provide a copy of it to Petitioner in a timely fashion. Counsel shall file confirmation that a copy of this Order was transmitted to the Warden with directions to provide a copy of it to Petitioner.

5. In the event any other counsel makes any other filings with the Court in this case, Counsel for Attorney General Pam Bondi SHALL transmit a copy of the filing to the Warden of NWIPC so that the Warden can review and so that the Warden can provide a copy of it to Petitioner in a timely fashion. Respondent shall confirm a copy of such filing(s) are transmitted to the Warden with directions to provide a copy of it to Petitioner.

1   Dated this 2nd day of December, 2025.

David G. Estudillo
United States District Judge