UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MUHAMMAD ZAHID CHAUDHRY,<br><br>                Petitioner,<br>    v.<br><br>PAMELA BONDI,<br><br>                Respondent. | CASE NO. 2:25-cv-02339-DGE-MLP<br><br>ORDER SETTING BRIEFING SCHEDULE ON PETITIONER'S DECEMBER 5, 2025 MOTION FOR TRO (DKT. NO. 27) |

This Court[1] is in receipt of Petitioner's second amended petition for writ of habeas corpus (Dkt. No. 28) and the accompanying motion for temporary restraining order ("TRO") (Dkt. No. 27) both filed on December 5, 2025. The Court is also in receipt of Respondents' response to the motion for TRO (Dkt. Nos. 30–33).

Petitioner invokes the Court's habeas jurisdiction under 28 U.S.C. § 2241 alleging, among other things, that he is in custody in violation of the Constitution or laws of the United

---

[1] Per Court procedure, the caption lists the individuals first named in this matter. However, Petitioner's operative petition now names Bruce Scott, Laura Hermosillo, Kristi Noem, Pamela Bondi, and the U.S. Department of Homeland Security.

ORDER SETTING BRIEFING SCHEDULE ON PETITIONER'S DECEMBER 5, 2025 MOTION FOR TRO (DKT. NO. 27) - 1

States.  The Court has discretion to determine when a response to a § 2241 habeas petition is due. *See*, *e.g.*, Sect. 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254); *Clutchette v. Rushen*, 770 F.2d 1469, 1474–75 (9th Cir. 1985) (pursuant to Habeas Rule 4, the federal court has discretion to fix a time to file an answer beyond the time periods set forth in 28 U.S.C. § 2243). A court considering a habeas corpus petition "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243.

Because the relief the Petitioner seeks via the TRO is his immediate release, a decision on the motion for TRO will effectively grant or deny the habeas petition.  As a result, the Court will treat the pending motion for TRO as a motion to decide his habeas petition on an expedited basis. The Court, therefore, ORDERS the following:

1. Respondents shall file any supplemental documents or arguments to the second amended petition for writ of habeas corpus (Dkt. No. 28) no later than **December 10, 2025**.  The Court will consider the Respondents' response (Dkt. Nos. 30–33) together with any supplemental documents or arguments filed by December 10, 2025 as the Respondents' return to the petition.

2. Thereafter, Petitioner shall file his traverse (i.e., reply brief) **no later than December 17, 2025**.

3. Respondents' counsel shall immediately contact the Courtroom Deputy to schedule a hearing as soon as possible after December 17, 2025.  Respondents shall coordinate with the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") to secure Petitioner's remote appearance at the hearing.

ORDER SETTING BRIEFING SCHEDULE ON PETITIONER'S DECEMBER 5, 2025 MOTION FOR TRO (DKT. NO. 27) - 2

4. Respondents' counsel is directed to transmit the following documents and file confirmation they complied with this Order:

    a. A copy of this Order to the Warden of NWIPC so that the Warden can provide a copy of it to Petitioner in a timely fashion;

    b. A copy of Dkt. Nos. 30 through 33 to the Warden of the NWIPC so that the Warden can provide a copy of them to Petitioner in a timely fashion; and

    c. A copy of any future filings Respondents file to the Warden of the NWIPC so that the Warden can provide a copy of them to Petitioner in a timely fashion.

5. Unless otherwise ordered by this Court, Petitioner shall not be moved outside of this district without first providing advance notice of the intended move. Such notice must be filed in writing and on the docket in this proceeding and must state the reason that the Respondent believes that such a move is necessary and should not be stayed pending further court proceedings. Once that notice has been filed on the docket, the Petitioner shall not be moved out of the District for a period of at least 48 hours from the time of the docketing. If the 48-hour period would end on a weekend or legal holiday, the period continues to run until the same time on the next day that is not a weekend or legal holiday. Fed. R. Civ. P. 6(a)(2)(C). This period may be shortened or extended as appropriate by further Court order.

Dated this 7th day of December, 2025.

David G. Estudillo
United States District Judge