UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MUHAMMAD ZAHID CHAUDHRY,<br><br>                Petitioner,<br>    v.<br><br>PAMELA BONDI,<br><br>                Respondent. | CASE NO. 2:25-cv-02339-DGE-MLP<br><br>ORDER TO SHOW CAUSE REGARDING PETITIONER RELEASE FROM CUSTODY |

This matter comes before the Court on Petitioner's motion to clarify and enforce the Court's order granting his writ of habeas corpus. (Dkt. No. 50.) The Court concluded, and Respondents conceded, that 8 U.S.C. § 1231(a) did not authorize Petitioner's detention because the Ninth Circuit entered an order staying Petitioner's removal pending appeal. (*See* Dkt. No. 58 at 9–10) (citing *Prieto-Romero v. Clark*, 534 F.3d 1053, 1060 (9th Cir. 2008) ("[T]he plain language of § 1231(a) provides no authority to detain aliens . . . whose removal order is administratively—but not judicially—final.")).

Petitioner identifies that upon release from his unlawful detention, Immigration and Customs Enforcement ("ICE") "compell[ed] him to sign a pre-printed Order of Supervision (Form I-220B)." (Dkt. No. 50 at 3.) This Order of Supervision places a variety of restrictions on Petitioner's liberty, including a requirement that Petitioner enroll in an "Alternatives to Detention" program that "will . . . subject [Petitioner] to electronic monitoring and may subject [him] to a curfew." (*Id*. at 9.) It also requires Respondent to physically report to a designated ICE office on December 29, 2025, and presumably on a regular basis thereafter. (*Id*.) Petitioner asserts the Order of Supervision is "inconsistent with the Court's order and constitutional safeguards." (*Id*. at 6.)

On its face, the Order of Supervision references February 27, 2020 as the "Date of Final Order" in which Petitioner was ordered "[r]emoved pursuant to [removal] proceedings." (*Id*.) The Order of Supervision further identifies that supervision is being ordered, "[b]ecause the agency has not effected your deportation or removal *during the period prescribed by law*[.]" (*Id*.) (emphasis added). The "period prescribed by law" appears to reference the "removal period" identified in 8 U.S.C. 1231(a), which the Court already concluded did not commence because the Ninth Circuit ordered a stay of removal. (Dkt. No. 58 at 5–6.)

> Federal district courts may grant writs of habeas corpus if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The proper vehicle through which to challenge the constitutionality of a noncitizen's detention without bail is 28 U.S.C. § 2241. *Demore v. Kim*, 538 U.S. 510, 516–17, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003).

> "A person need not be physically imprisoned to be in custody under the statute; instead, habeas relief is available where the individual is subject to 'restraints not shared by the public generally.'" *Ortega v. Bonnar*, 415 F. Supp.3d 963, 967–68 (N.D. Cal. 2019) (quoting *Jones v. Cunningham*, 371 U.S. 236, 240, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963)). Proper remedies for habeas petitions include declaratory and injunctive relief. *See id*. at 970 (enjoining ICE from re-arresting petitioner without a bond hearing); *see also Perera v. Jennings*, 598 F. Supp. 3d 736, 747 (N.D. Cal. 2022) (enjoining ICE from re-arresting petitioner without a bond hearing).

ORDER TO SHOW CAUSE REGARDING PETITIONER RELEASE FROM CUSTODY - 2

*Pham v. Becerra*, 717 F. Supp. 3d 877, 884 (N.D. Cal. 2024).

In other cases where immigrant detainees were ordered released, courts in this district imposed limitations on these other forms of non-justified freedom-limiting actions. *See Francois v. Wamsely*, No. C25-2122-RSM-GJL, 2025 WL 3063251, at *6 (W.D. Wash. Nov. 3, 2025) (requiring Respondents immediately release Petitioners "on the conditions of release in place prior to their arrests"); *Ramirez Tesara v. Wamsley*, No. 2:25-cv-01723-MJP-TLF, 2025 WL 2637663 (W.D. Wash. Sept. 12, 2025) (requiring Respondents "immediately release Petitioner from custody under the conditions" of a prior parole agreement); *Phetsadakone v. Scott*, No. 2:25-cv-01678-JNW, 2025 WL 2579569, at *6 (W.D. Wash. Sept. 5, 2025) (requiring Respondents "immediately release Petitioner from custody under the conditions of his most recent order of supervision").

Accordingly, the Respondents are ordered to show cause **no later than December 24, 2025 at 12:00 p.m**. why this Court should not declare the Order of Supervision void and unenforceable for violating the Court's order granting the petition for writ of habeas corpus. As part of their response to this show cause order, Respondents shall identify the authority under which the Order of Supervision was issued and why it was issued without providing Respondent notice and an opportunity to be heard.

Separately, the Court has become aware some individual(s) in the courtroom during yesterday's oral argument may have used cell phones despite multiple signs prohibiting such use in the courtroom. Any unauthorized photographs, videos, or other digital recordings of courtroom proceedings SHALL immediately be deleted.

Dated this 23rd day of December, 2025.

ORDER TO SHOW CAUSE REGARDING PETITIONER RELEASE FROM CUSTODY - 3

David G. Estudillo
United States District Judge